**Frederick L. PEARCE et al., Plaintiffs,**

v.

**METRO PETROLEUM SHIPPING COMPANY, Inc., et al., Defendants.**

United States District Court
S. D. New York.

Feb. 6, 1958.

George Berkowitz, New York City, for plaintiff.

Irving Bloomberg, New York City, for defendants.

DAWSON, District Judge.

This is a motion for an order substituting Irving Bloomberg in place of Alexander D. Diamond as attorney for defendants in the above-entitled action, and fixing the compensation of Alexander D. Diamond for services rendered by him to date.

It appears from the motion papers that Mr. Diamond was originally retained to represent the defendants in the action; that in 1957 Mr. Diamond became ill and is now totally incapacitated and is confined to his home. It is alleged that Mr. Diamond recommended Mr. Irving Bloomberg as his successor but that defendants have been unsuccessful in securing the withdrawal of Mr. Diamond from the action and the substitution of Mr. Bloomberg in his place.

It is clear that where an attorney becomes disabled his contract of employment by his clients is terminated. At the present time we have this action in this court with no attorney qualified to represent the defendants in the action. This condition must not be allowed to continue. Therefore the motion is granted to the extent of substituting Irving Bloomberg in place and stead of Alexander D. Diamond as attorney for the defendants in the above-entitled action, and directing Alexander D. Diamond to turn over all papers in this matter now in his possession or under his control to Irving Bloomberg.

Although Mr. Diamond was given notice by mail of this motion, he did not appear on the motion nor present any papers. If he is entitled to any lien or recovery for services heretofore rendered by him it must be on a quantum meruit basis. See 7 C.J.S. Attorney and Client § 171, p. 1032. Since Mr. Diamond has not presented any affidavit or other papers as to the compensation to which he might be entitled on a quantum meruit basis, the Court has no facts before it on which it can base a determination of the allowance to be made to him. However, the Court is cognizant of the fact that Mr. Diamond is ill and confined to his home. The Court will, therefore, retain jurisdiction of this motion until February 17, 1958 in order to allow Mr. Diamond, on or before that date, to present in written form an affidavit of the services rendered by him, to be used as a basis for determining the allowance to be made to him. In view of the illness of Mr. Diamond, a copy of this memorandum decision and order is being mailed by the Court to Alexander D. Diamond at 365 Tremont Avenue, Orange, New Jersey, which appears from the papers to be his home address. So ordered.